
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-1130

| | |
|---|---|
| ST. EDWARD MERCY MEDICAL CENTER and SISTERS OF MERCY HEALTH SYSTEM<br>APPELLANTS<br><br>V.<br><br><br>KAREN ANNETTE GILSTRAP<br>APPELLEE | Opinion Delivered MAY 14, 2014<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F909603]<br><br><br>AFFIRMED ON DIRECT APPEAL AND ON CROSS-APPEAL |

## DAVID M. GLOVER, Judge

Karen Gilstrap suffered a compensable injury to her lower back on October 15, 2009, while working for St. Edward Mercy Medical Center as a certified nursing assistant. Dr. Arthur Johnson performed a left L4–5 and L5–S1 two-level fusion surgery on October 30, 2009. Our court affirmed the compensability of her injury and her entitlement to temporary total-disability benefits in an earlier appeal. *St. Edward Mercy Med. Ctr. v. Gilstrap*, 2011 Ark. App. 323. She was subsequently issued a thirteen-percent impairment rating to her body as a whole. That rating was accepted and paid by appellants. At issue in the current appeal is Karen's entitlement to have St. Edward pay for her pain-management treatment, medications, and wage-loss disability benefits over and above her thirteen-percent anatomical-impairment rating. The administrator law judge determined that she was entitled to wage-loss disability benefits equal to a thirty-percent impairment to her body as a whole in addition to the

thirteen-percent anatomical-impairment rating and that she was also entitled to the pain-management treatment she was receiving. The Commission affirmed and adopted the ALJ's decision. St. Edward appeals the award of wage-loss disability and pain-management treatment, contending 1) that the Commission erred as a matter of law by awarding permanent disability benefits absent a finding that Karen's compensable injury was the major cause of the alleged disability, and 2) that substantial evidence does not support the award of additional medical treatment. Karen cross-appeals, contending that the thirty-percent impairment rating was not sufficient. We affirm the Commission on direct appeal and on cross-appeal.

For its first point of appeal, St. Edward contends that the Commission erred as a matter of law by awarding permanent disability benefits absent a finding that Karen's compensable injury was the major cause of the alleged disability. We disagree.

In making its argument, St. Edward relies upon Arkansas Code Annotated section 11-9-102(4)(F)(ii)(*a*) (Repl. 2012), which provides:

> (ii)(*a*) Permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability *or* impairment.

(Emphasis added.) It then reasons that because the Commission made no finding that Karen's compensable injury was the major cause of the disability, the award must be reversed.

Karen counters by arguing that section 11-9-102(4)(F) does not require that the compensable injury be the major cause of both the disability and the impairment because the statute uses the term "or," emphasized above. She further argues that St. Edward acceptance of liability for payment of her permanent impairment was a concession that the compensable

2

injury was the major cause of the impairment, leaving no reason for a specific finding regarding major cause.

We are constrained in our analysis of this issue because it has already been decided by our court. In *Eastern Tank Service v. Brown*, 2011 Ark. App. 118, at 2, our court explained:

> In any event, the claimant is not required to show that the new injury is the major cause of his wage-loss disability; instead, he need show only that the new injury is the major cause of his fifteen-percent anatomical impairment rating. *See Wal-Mart Stores, Inc. v. Westbrook*, 77 Ark. App. 167, 72 S.W.3d 889 (2002). In *Second Injury Fund v. Stephens*, 62 Ark. App. 255, 970 S.W.2d 331 (1998), we held that *the claimant in that case was not required to prove that his compensable injury was the major cause of his wage-loss disability because the statutory major-cause requirement was satisfied where the record showed a physical impairment resulting from his compensable injury. Given that appellant stipulated that appellee's injury resulted in that degree of anatomical impairment, it cannot now argue to the contrary.*

(Emphasis added.) We find nothing to significantly distinguish the situation presented in the instant case from that presented in *Eastern Tank*, and the cases it relied upon. We conclude, therefore, that St. Edward acceptance of the thirteen-percent impairment rating satisfied the major-cause requirement and made it unnecessary for the ALJ to make a separate, specific major-cause finding.

For its second point of appeal, St. Edward contends that substantial evidence does not support the award of additional medical treatment. We disagree.

In reviewing Commission decisions, we view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Hill v. Treadway*, 2014 Ark. App. 185, ___ S.W.3d ___. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether we might have reached a different result from the Commission; if reasonable minds could reach the result

3

found by the Commission, we must affirm. *Id.* Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission, and when there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Id.* The Commission is not required to believe the testimony of the claimant or any other witnesses but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Id.*

St. Edward contends that reasonable minds could not conclude that the pain treatment Karen is receiving at The Wellness Center is reasonable or necessary in connection with her compensable lumbar-back injury or the surgery to repair it. It reasons that the Commission awarded Karen additional medical treatment for subjective pain that has no identifiable origin; that the treatment involves the daily ingestion of multiple pain medications and anxiolytics of an addictive nature; and that the treatment has not improved her condition, making it worse instead.

Our review of the evidence shows that Dr. Arthur Johnson explained that Karen had a reasonably good fusion following the surgery, which he described as a complete fusion that was not yet completely solid. He stated that without a solid fusion, there could be some degree of movement in the vertebral column, and that the primary symptom patients have in that situation is pain. He said that sometimes the pain is located in the back itself and sometimes it radiates into the extremities. Dr. Johnson stated that patients experiencing pain sometimes develop spasms as a protective mechanism, which she had. He further

SLIP OPINION

acknowledged in his deposition that he refers patients to The Wellness Center when they need long-term pain management, and that he had referred Karen. He testified that although he has no idea if she will need pain management for the rest of her life, that she definitely needed chronic-pain management now. Karen testified that the pain management she received was for her lower back, and the clinic's records support her testimony. Karen also testified that the pain treatment has provided her some relief.

Reasonable minds could reach the Commission's conclusion that the pain-management treatment Karen is receiving is reasonable and necessary in connection with her compensable injury. We therefore affirm.

### Karen's Cross-Appeal

In her cross-appeal, Karen contends that the Commission erred in only awarding her thirty-percent wage-loss disability because there is not substantial evidence to support the Commission's decision. We disagree.

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Miller v. White Hall Sch. Dist.*, 2010 Ark. App. 460. In considering wage-loss disability, the Commission evaluates such factors as: the claimant's age, education, work experience, motivation, post-injury income, and credibility. *Id.* As explained in the ALJ's opinion, Karen is only fifty years old. She finished high school and has also taken some college courses. She was employed by St. Edward as a CNA at the time of her compensable back injury. As a CNA, her duties included lifting, assisting, and bathing patients, but she also took health information, including vitals, from them. She has also

worked as a cashier and as a dental assistant, for which she was trained. Dr. Johnson described her permanent restrictions concerning physical activities and explained that she should not lift more than twenty pounds; that she should not engage in frequent bending, kneeling, stooping, or twisting; that she should frequently alternate between sitting, standing, and lying down; and that she should not sit or stand for more than forty-five minutes to an hour at a time. The ALJ found that she would not be able to perform her duties as a CNA or dental assistant because of her physical restrictions, but that she had demonstrated a willingness to work by trying to return to work at St. Edward in June 2010, even though she was not able to do it. The ALJ explained that, following his consideration of the wage-loss factors, he concluded that she had suffered wage-loss disability in an amount that would be equal to a whole-body impairment rating of thirty percent, which was over and above the thirteen-percent rating that had already been accepted and paid. After reviewing the evidence in the light most favorable to the Commission's decision, we have concluded that reasonable minds could agree with that determination; therefore, we affirm the thirty-percent wage-loss award.

Affirmed on direct appeal and on cross-appeal.

GLADWIN, C.J., and HIXSON, J., agree.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Kyle E. Burton*, for appellants.

*Walker, Shock & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellee.